VICTOR H. FRANKLIN, Appellant, *v.* SUN PRINTING AND PUBLISHING ASSOCIATION, Respondent.

VICTOR H. FRANKLIN, Appellant, *v.* NEW YORK WORLD-TELEGRAM CORPORATION, Respondent.

VICTOR H. FRANKLIN, Appellant, *v.* NEW YORK EVENING JOURNAL, INC., Respondent.

VICTOR H. FRANKLIN, Appellant, *v.* DAILY MIRROR, INC., Respondent.

First Department, June 24, 1938.

*Isidor E. Schlesinger* of counsel [*Leon Singer* and *Henry J. Krinsky* with him on the brief; *Schlesinger & Krinsky*, attorneys], for the appellant.

*Macdonald De Witt* of counsel [*De Witt, Van Aken & Moynihan*, attorneys], for the respondents Sun Printing and Publishing Association and New York World-Telegram Corporation.

*Charles Henry* of counsel [*Manheim Rosenzweig*, attorney], for the respondents New York Evening Journal, Inc., and Daily Mirror, Inc.

PER CURIAM. The principal question presented on these appeals is the correctness of the court's rulings in dismissing the various complaints on the ground that the articles complained of were privileged as a matter of law, and that they were fair reports of public and official proceedings. It is our view that such rulings present error.

On the present proof the question as to whether or not the articles were fair and true reports of public, official or judicial proceedings was for the jury in each case, assuming that the privilege extended by section 337 of the Civil Practice Act applied to the investigation by the district attorney and proceedings had in the justice's chambers, as well as to those in open court.

The judgments should be reversed and new trials ordered, with costs to the appellant to abide the event.

Present — O'MALLEY, GLENNON, DORE, COHN and CALLAHAN, JJ.; DORE, J., dissents.

In each case: Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.